## BRYANT v. SEARS.

1. **Contract: CONSTRUCTION OF: VENDOR AND VENDEE.** A contract provided that the vendor would sell to the vendee a piano in all respects like a certain one designated, except that the case should be of walnut instead of rosewood. By a subsequent modification of the contract a piano with a rosewood case was agreed to be furnished: *Held*, that the vendee had a right, after the modification of the contract, to insist upon a piano inferior in no respect to the one named for comparison in the original contract.

*Appeal from Marshall Circuit Court.*

THURSDAY, OCTOBER 24.

THIS is an action upon a promissory note executed by defendant to W. W. Kimball or order, for one hundred dollars, indorsed to plaintiff. The answer alleges that the note was given in part consideration of the purchase of a piano from W. W. Kimball through the plaintiff, as his agent, which plaintiff, as such agent, represented should be like a piano purchased by H. E. J. Boardman, and that the piano was not like Boardman's, but of much less value, and that plaintiff purchased the note subject to all the equities existing in favor of the defendant. The cause was tried by the court, and judgment was rendered in favor of plaintiff for ninety-three dollars and thirty-three cents. The defendant appeals.

*Sears & Lemert,* for appellant.

No argument for appellee.

DAY, J.—I. The original contract of purchase is as follows: "This contract, made this June 23, 1875, by and between W. W. Kimball and R. E. Sears, is to this effect: That the said W. W. Kimball agrees to furnish said R. E. Sears with a Hallett & Davis upright piano, in their finest black walnut case, to be in all respects equal to the

1. CONTRACT: construction of: vendor and vendee.

piano recently sold by said Kimball to H. E. J. Boardman, except that said Boardman's piano is rosewood case, the said Kimball hereby warranting said walnut case to be equal in polish and durability to the rosewood case; said agreement being in consideration of receiving the piano now owned by said Sears, being the one shown to J. A. Bryant, and said Sears' note for one hundred and twenty-five dollars, due in four months from the delivery of said piano to said Sears, and his second note for like amount due in eight months from said date, both notes to draw ten per cent interest. Said piano to be delivered at said Sears' boarding-house in Marshalltown, Iowa, within sixty days, and to be set up and be made ready for use by said Kimball. Said Sears agreeing to perform his part of above contract." On the 3d of July, 1875, the plaintiff wrote defendant, from Chicago, as follows: "I have been looking through our stock of pianos, and have also had a talk with Mr. Kimball in regard to the trade with you. I find we have no walnut case in at present, but have a beautiful rosewood, one of the nicest toned which I have ever seen. I have got Mr. Kimball's opinion on the matter, and he thinks the rosewood will give you the best satisfaction. I have, out of four others, selected the one I speak of, and I don't think its superior in tone ever left our firm. I can send the walnut if you think best, but it will have to come from the factory. As you rather left considerable of the choice to my views while there, I now believe the rosewood will give you the best satisfaction. It only costs you fifty dollars more, and I think I would be better satisfied to send it, after knowing it to be such a beautiful piano. Let me hear from you by return mail." To this the defendant, on July 5th, replied as follows: "Yours of July 3d, written by John A. Bryant, at hand. In reply will say that I am not prepared to pay the fifty dollars extra for the rosewood case. I would be willing to pay say twenty-five dollars extra, but not to exceed that sum; or, if I had twelve months on the whole sum (three hundred dollars), would pay the fifty dollars additional for the rosewood case, provided it was in all other re-

spects equal to the piano agreed to in our contract." To this plaintiff replied on the 12th of July as follows: "I will be in Marshalltown, Iowa, within a few days, and will either take one or the other of the propositions which you made. Will have the piano shipped so as to be there on time of my arrival." The rosewood piano was delivered, and defendant gave his old piano, and a note for two hundred dollars, and the one in controversy for one hundred dollars, therefor. The two hundred dollar note passed into the hands of an innocent purchaser and defendant has paid it. The evidence is without conflict that the piano which defendant obtained is much less elaborately carved than that of Boardman; that the sides are plain, while the sides in Boardman's piano are paneled, and that the difference in the market price between Boardman's piano and that of defendant is between one hundred and fifty and two hundred dollars. The only question in the case is what kind of a piano was defendant to have. This involves a construction of the written contract, and the subsequent letters. The contract provides for a sale to defendant of "a Hallett & Davis upright piano in their finest black walnut case, to be in all respects equal to the piano recently sold by said Kimball to H. E. J. Boardman, except that said Boardman's piano is rosewood case." This contract requires that the defendant's piano shall be inferior to Boardman's in one respect only, namely, in having a walnut instead of a rosewood case. The defendant, in his letter, agreed to pay fifty dollars additional "for the rosewood case, provided it was in all other respects equal to the piano agreed to in our contract." The piano referred to in the contract was to be in all respects equal to Boardman's, except as to the rosewood case. The letter agrees to pay fifty dollars more for the same quality of piano with a rosewood case. In other words, the proposition in the letter is to pay fifty dollars additional for a piano from which the only point of inferiority to Boardman's piano shall be removed. This proposition was accepted, and pursuant to it the piano was shipped. Under the original

contract, and the subsequent modifications of it, defendant had a right to expect and demand a piano, in respect of finish and ornamentation, equal to that of Boardman. The evidence is without conflict that he did not obtain such a piano. The plaintiff negotiated the sale, and holds the note subject to the equities existing between the original parties. The defendant was entitled to offset against the note to the extent of its amount, the difference between the value of the instrument he obtained and the value of one of the kind he contracted for.

REVERSED.